NO. 07-00-0029-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 15, 2000



______________________________




FRANCISCO SANCHEZ MOLINA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY;



NO. F-9901481-FK; HONORABLE JOHN CREUZOT, JUDGE


_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Francisco Sanchez Molina has given notice of appeal from a conviction
and sentence in Cause No. F-9901481-FK in the Criminal District Court of Dallas County,
Texas (the trial court), for aggravated robbery. The appellate court clerk received and filed
the trial court clerk's record on December 20, 1999, and received and filed the trial court
reporter's record on July 11, 2000. By letter dated October 25, 2000, the clerk of this court
advised counsel for appellant that appellant's brief was due no later than September 11,
2000, and that neither the brief nor a motion for extension of time for filing of the brief had
been received. Counsel for appellant was further advised by such letter that if no
response to the letter was received by November 6, 2000, the appeal would be abated to
the trial court for hearing pursuant to Tex. R. App. P. 38.8(b). No response to the clerk's
letter of October 25th has been received.

 Accordingly, this appeal is abated and the cause is remanded to the trial court. 
Tex. R. App. P. 38.8(b). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then
whether appellant is indigent, and if not indigent, whether counsel for appellant has
abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether
appellant's present counsel should be replaced; and (4) what orders, if any, should be
entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the
trial court determines that the present attorney for appellant should be replaced, the court
should cause the clerk of this court to be furnished the name, address, and State Bar of
Texas identification number of the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter's record; and (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the supplemental reporter's record. In the absence of a
request for extension of time from the trial court, the supplemental clerk's record,
supplemental reporter's record, and any additional proceeding records, including any
orders, findings, conclusions and recommendations, are to be sent so as to be received
by the clerk of this court not later than January 12, 2001. 

 

 Per Curiam

Do not publish.



s so ordered.

 Per Curiam

Do not publish.